UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL A. COTRICH,

 Plaintiff,

v.               Case No: 6:17-cv-719-Orl-18TBS

IRS INTERNAL REVENUE SERVICE,

 Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc 2). Upon due consideration, I respectfully recommend that the motion be **DENIED** and Plaintiff's Amended Complaint be **DISMISSED** without leave to amend.

## Background

On April 21, 2017, Plaintiff filed a complaint against Defendant Internal Revenue Service "for false reporting, and putting a tax lien on a person that is disable[d]." (Doc. 1 at 1). The complaint was accompanied by several documents (Doc. 1-2) and the instant motion. Upon review, I found the complaint failed to state a cognizable cause of action and deferred ruling on the motion, to allow Plaintiff the opportunity to amend his complaint (Doc. 4). He has since done so (Doc. 6). Upon review of the amended complaint, I find Plaintiff has still failed to state a cause of action cognizable in this Court.

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court

must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148

F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff, a disabled veteran of the United States Marine Corps, alleges that he is living in a small hotel room with his family and "couldn't get my VA Loan" as the IRS "put a lien on my credit without sending out any notification of what they were doing to my credit." (Doc. 6). He claims that the last job he had was in 1999 and he is living on a fixed income with no property or assets, "so what are they putting a lien on?" (Id.). Plaintiff alleges that the actions of the IRS constitute "false reporting" which is a "criminal act" and asks the Court to remove the lien and award him $2,000,000 in damages (Id.).

Although no exhibits are attached to the amended complaint, Plaintiff attached a Notice of Federal Tax Lien to his original filing (Doc. 1-2 at 1), which states that a lien was recorded on August 10, 2010, for unpaid balances for the tax years 2005 and 2006, assessed on August 17, 2009. There are other exhibits in that filing, including Plaintiff's 2016 Social Security Benefit Statement, which indicates $41.16 for "Treasury Benefit Payment Offset, Garnishment and/or Tax Levy." (Doc. 1-2 at 2). Construed liberally, Plaintiff contests the validity of the lien, and seeks both injunctive relief to invalidate it and damages arising from the "false reporting." Such a claim is not cognizable in this Court.

"The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity." Galvez v. I.R.S., 448 F. App'x 880, 884 (11th Cir. 2011), citing F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Congress can waive sovereign immunity, but "the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Meyer, 510 U.S. at 475, 114 S.Ct. at 1000 (quotation marks and brackets omitted). Plaintiff has not identified any statutory basis for waiver with respect to his claims.

To the extent Plaintiff is claiming that the tax was illegally assessed, 28 U.S.C. §1346 provides in part:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C.A. § 1346(a)(1). This narrow exception to the waiver requirement is construed strictly and used as a means for "taxpayers who paid too much to recoup the erroneously or illegally assessed or collected amount." Schon v. United States, 759 F.2d 614, 617 (7th Cir. 1985). The taxpayer must first pay "the full amount of an income tax deficiency" before relying on § 1346 to challenge the amount. Id.; see also Horne v. United States, 519 F.2d 51, 52 (5th Cir. 1975) (holding that a district court properly dismissed a declaratory judgment claim for lack of jurisdiction "because the full estate tax

assessment" had not been paid). Plaintiff does not allege that he has fully paid his tax liability.[1]

Title 26 U.S.C. § 7432 or §7433 might also apply. In pertinent part, they provide:

> a) In general.--If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7432 (a).

> (a) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433 (a).

While these provisions purport to allow for suits in district court, the Code also provides:

> (d) Limitations.–
>
> (1) Requirement that administrative remedies be exhausted.-- A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff

---

[1] Additionally, 26 U.S.C. §7422 provides, in part:

(a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added). There is no allegation that Plaintiff has filed a claim with the Secretary.

- 5 -

> has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.
>
> (2) Mitigation of damages.—The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.
>
> (3) Period for bringing action.—Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

Id.; §§ 7432 (d)(1)-(3); 7433(d)(1)-(3). There are no allegations that administrative remedies have been exhausted here[2] and it does not appear that the lien complained of is within the period for bringing such an action. Thus, Plaintiff's complaint fails to state a claim upon which relief could be granted. Galvez, 448 F. App'x at 887. See also True v. O'Neal, No. 6:00-CV-1288-ORL-28A, 2000 WL 33116541, at *2 (M.D. Fla. Dec. 4, 2000) ("Plaintiff does not allege that he has paid any outstanding tax liability. He solely seeks to have a federal tax lien invalidated. Thus, this case must be dismissed because this Court lacks jurisdiction over the subject matter and Plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(1),(6).").[3]

---

[2] "To exhaust his administrative remedies under these Internal Revenue Code sections, the taxpayer must comply with Treasury Regulations §§ 301.7432-1(f)(1)-(2) and 301.7433-1(e)(1)-(2). An administrative claim under § 7432 must include, *inter alia,* (1) the taxpayer's identifying information; (2) a copy of the notice of lien affecting the property; (3) grounds for the claim, in reasonable detail, along with available substantiating documentation; (4) a description of injuries with available substantiating documentation; and (5) the amount of the claim. Treas. Reg. § 7432-1(f)(2). An administrative claim under § 7433 requires the same information, less a copy of the notice of the lien. Id. § 7433-1(e)(2). Each type of claim must be sent to the IRS district director." Galvez, 448 F. App'x at 885-86.

[3] There are other grounds for dismissal. To the extent the complaint seeks an injunction, the Internal Revenue Code prohibits suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). While this provision is subject to certain exceptions, none are identified here. Moreover, 28 U.S.C. §2410 waives sovereign immunity only for challenges a taxpayer makes to the procedural validity of an assessment against the taxpayer, not the underlying merits of the assessment. Stoecklin v. United States, 943 F. 2d 42, 43 (11th Cir. 1991). Plaintiff challenges the substance of the assessments and lien here.

Because Plaintiff filed this action without an attorney, an explanatory note is in order. Although I find that Plaintiff has not stated a claim which can proceed in this Court, this is *not* a finding as to the merits of the lien. Rather, I find that to the extent Plaintiff has a legitimate objection to the lien, he has not shown that he has followed the appropriate administrative steps in making such a challenge nor that his suit is timely. As it does not appear that these deficiencies can be remedied at this point, further amendment of the complaint would be futile.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Motion to Proceed In Forma Pauperis be **DENIED.**
2. The amended complaint be **dismissed, without leave to further amend.**
3. The file be closed.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 18, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties